CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009*
Decided December 23, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1889

JOHN P. WALLISER,
*Plaintiff-Appellant*,
*v.*

GARY HANNIG, in his capacity as Secretary of the Illinois Department of Transportation, *et al.*,
*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 09 C 158

Charles P. Kocoras
*Judge.*

**O R D E R**

Two decades ago the state of Illinois seized John Walliser's home in order to clear space for a highway. Walliser has since filed eight lawsuits challenging his eviction and subsequent relocation; three of his cases have found their way to this court. Twice we have ruled that the doctrine of claim preclusion barred his argument that the Illinois Department

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(A)(2).

of Transportation ("IDOT") violated his due process rights. *Walliser v. Mineta*, 33 F. App'x 826, 828 (7th Cir. 2002) (unpublished)*; Walliser v. Brown*, 124 F.3d 206, 1997 WL 471347 (7th Cir. 1997) (unpublished). Walliser now returns for the third time with more or less the same claim, and again we affirm the district court's dismissal of his complaint for failure to state a claim.

Walliser's home was located on the proposed construction site of a new stretch of Interstate 355 in Homer Township. In 1990 the state condemned his property, purchased it, and then leased it back to him for a two-year term. Walliser intended to move his home and business at the expiration of his lease, but zoning restrictions complicated his plans, and so he remained on the condemned parcel and eventually stopped paying rent. In 1999, long after his lease had expired and after seven years of litigation, Walliser vacated the residence, and in 2004 he met with IDOT officials to negotiate relocation assistance. The negotiations culminated in a 2005 letter from IDOT notifying Walliser that he was eligible for relocation payments but not for replacement housing assistance. The record does not reflect whether Walliser accepted the money.

Walliser has repeatedly asserted that the state seized his property without providing hearings required by the Illinois Displaced Person Relocation Act, see 310 ILL. COMP. STAT. 40/0.01 *et seq*. See, *e.g.*, *Walliser v. Brown*, No. 3-98-0342 (Ill. App. Ct. 1999)*; Brown*, 124 F.3d at 206*; Mineta*, 33 F. App'x 826 (7th Cir. 2002)*; Walliser v. Martin*, No. 1-06-0408, slip op. at 6 (Ill. App. Ct. May 11, 2007). He renewed that argument in the district court, except this time he asserted that his injury arose not from his eviction but from the 2005 letter denying him replacement housing assistance without a full hearing. He named three current or former state officials as defendants: IDOT Secretary Gary Hannig, Illinois Attorney General Lisa Madigan, and former IDOT Secretary Milton Sees. He sued Hannig in his official capacity, Sees in his individual capacity, and Madigan in both her official and individual capacities. The district court granted the defendants' motion to dismiss on *res judicata* grounds. Unpersuaded that IDOT's 2005 correspondence with Walliser constituted a new injury, the court suggested that Walliser was trying to style a new claim out of old facts. For the same reason the court denied Walliser's motion to reconsider. This appeal followed.

Walliser takes issue with the district court's ruling that his claim was precluded and that it arose from the same set of facts as his previous suits. The doctrine of claim preclusion precludes a party from reasserting claims that were or could have been raised in a prior civil action. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007) (applying Illinois law). The preclusive effect of a state court's judgment on a subsequent suit in federal court is determined by state law. See 28 U.S.C. § 1738; see also *Hicks,* 479 F.3d at 471; *Orlando Residence LTD. v. GP Credit Co.*, 553 F.3d 550, 557 (7th Cir. 2009). Under Illinois law a previous judgment has preclusive effect on a later suit when: 1) the prior litigation resulted

in a final judgment on the merits; 2) the two suits involve the same cause of action; and 3) the two suits involve the same parties or their privies. *Hicks*, 479 F.3d at 471 (citing *Nowak v. St. Rita High Sch.*, 197 N.E.2d 471, 477 (Ill. 2001).

The district court correctly concluded that claim preclusion bars Walliser's claims against Secretary Hannig and Attorney General Madigan in their official capacities. First, an Illinois appellate court recently affirmed the dismissal of an identical post-relocation claim against IDOT on *res judicata* grounds. *Walliser v. Martin*, No. 1-06-0408, slip op. at 9. That was a final judgment on the merits. See *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476-77 (1998). As for the second element, both suits sprang from the same operative event—the 2005 letter from the department notifying Walliser that he was entitled to relocation payments but not replacement housing assistance. Walliser argues that the state court should never have applied *res judicata*—and that may be so—but our inquiry is limited to whether the two claims arose from the same transaction, see *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002), and we agree with the district court that they did. To the extent Walliser wishes to use this federal suit to challenge the disposition of the state suit, such a claim would be barred under the *Rooker-Feldman* doctrine. See *Freedom Mortgage v. Burnham Mortgage, Inc.*, 569 F.3d 667, 671 (7th Cir. 2009). As for the third element, identity of parties is present with respect to defendants Hannig and Madigan (in their official capacities), who are in privity with the government by virtue of their offices. See *Licari*, 298 F.3d at 667. Accordingly, the district court correctly concluded that claim preclusion bars the actions against Hannig and Madigan (leaving claims against Madigan and former IDOT Secretary Sees in their individual capacities).

In any event, all of Walliser's claims, including those remaining against defendants Madigan and Sees in their individual capacities, can be dismissed as untimely. Illinois has a two-year statute of limitations for § 1983 claims. 735 ILL. COMP. STAT. 5/13-202 (2008); *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Walliser has stated that the events underlying the present suit accrued between 2004 and 2005. Spotting him even the later date, the statute of limitations would have expired in 2007, and Walliser did not file the current complaint until nearly two years later, in 2009.

Accordingly, we AFFIRM the district court's judgment. Additionally, because this is his third filing in federal court asserting essentially the same claim, we warn him that we may sanction him if he continues to make frivolous filings, see *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).